IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY RAY JENKINS,

        Plaintiff

vs.                                          Case No. 15-4860-SAC

SEWARD COUNTY TREASURER,
BILL MCBRIDE *sheriff,* GREG
SWANSON, ODESSA LEWIS,
MARTIN LEWIS, SERRY LEWIS,
and STATE OF KANSAS,

        Defendants.

MEMORANDUM AND ORDER

        The case comes before the court on the Magistrate Judge's Order of April 7, 2015, for the plaintiff to show cause why claims against each individual defendant should not be dismissed for failure to state a claim and against the State of Kansas should not be dismissed on Eleventh Amendment grounds. (Dk. 8). The plaintiff was given to April 24, 2015, to show cause in writing, and he was admonished that his failure to do so would result in the dismissal of his complaint without further notice. *Id.* at 5). The plaintiff has filed two subsequent motions, but neither of them responds to or addresses the issues raised in the Magistrate Judge's show cause order. The plaintiff's first motion asks the court to order the taking of a DNA sample from someone who is not party to the action. (Dk. 9). The second motion asks for the court to grant him default judgment and to order

that his land and personal property be returned by Seward County despite the final Seward County District Court order in 93-JC-98. (Dk. 11).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

As the magistrate judge noted, the plaintiff's pro se complaint is difficult to understand and contains numerous rambling and disjointed factual allegations. The only claim for relief that purports to allege federal jurisdiction is that the defendants deprived him of his real property without due process of law and in violation of equal protection rights. (Dk. 1, p. 3). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The magistrate judge's show cause order laid out the two apparent events described in the plaintiff's complaint and discussed the lack of allegations to state an actionable § 1983 claim. There are no allegations establishing that any actionable deprivation was committed by a named defendant acting under color of state law. The State of Kansas is protected by Eleventh Amendment immunity from suit in this court. There are no allegations of any actions taken by the named defendants, Serry Wilson or the County Treasurer. The plaintiff's equal protection claim is likewise lacking the elements of a viable claim. Having failed to show cause why his complaint should not be dismissed for failure to state a claim upon which relief can be granted, the court will dismiss it for the plaintiff's failure to respond and for the complaint's failure to allege the required factual details on the dates,

actors, and wrongful conduct to support the elements of an actionable claim for relief.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice for the reasons stated above.

Dated this 18th day of May, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge