IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY RAY JENKINS,

        Plaintiff

vs.                                              Case No. 15-4860-SAC

SEWARD COUNTY TREASURER,
BILL MCBRIDE *sheriff,* GREG
SWANSON, ODESSA LEWIS,
MARTIN LEWIS, SERRY LEWIS,
and STATE OF KANSAS,

        Defendants.

MEMORANDUM AND ORDER

        The court filed an order on May 18, 2015, (Dk. 12), dismissing this action without prejudice because the plaintiff had not responded to the Magistrate Judge's Order of April 7, 2015, (Dk. 8), requiring him to show cause why claims against each individual defendant should not be dismissed for failure to state a claim and against the State of Kansas should not be dismissed on Eleventh Amendment grounds. (Dk. 8). The plaintiff was given to April 24, 2015, to show cause in writing, and he was admonished that his failure to do so would result in the dismissal of his complaint without further notice. *Id.* at 5. Receiving nothing from the plaintiff, the court dismissed the case for failure to respond and for the complaint's failure to allege the required factual details on the dates, actors, and wrongful conduct to

support the elements of an actionable claim for relief. Judgment was entered on May 18, 2015. (Dk. 13).

On May 29, 2015, the plaintiff filed the pending "Motion for the Honorable Judge and the Court to Order Seward County to Get off our Land 4th and Oklahoma, where Wayne Lundry was," (Dk. 14), and the pending "Motion for a Rehearing," (Dk. 17). On that same day, the plaintiff filed a notice of appeal. (Dk. 15). The district court retains jurisdiction to decide the plaintiff's pendings motions as having been filed before the notice of appeal.

The plaintiff's motion for rehearing cites Kansas statutes and state cases that support no legal propositions meaningfully relevant to what the plaintiff has alleged to date. They do not establish any basis for federal jurisdiction. They do not refer to any legal theories or claims on which relief could be granted from what has been alleged. Presumably intended to be a motion to alter and amend pursuant to Fed. R. Civ. P. 59(e), the plaintiff's motion does not provide any of the recognized grounds for granting such relief:  (1) intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The motion is denied.

It is not clear what the plaintiff is seeking in his other motion for relief. He again requests a court order requiring the "Seward County Tax Office" to return land that he claims to own in Liberal, Kansas. He also adds

2

allegations regarding other African-Americans who have had their land sold by the county. If the plaintiff's filing is intended to be his response to the show cause order, the court rejects it as untimely and as still lacking the required factual details of dates, actors, and wrongful conduct to support an actionable claim for relief. Pleading a viable claim for federal relief requires more than alleging that the plaintiff has owned certain described property in the past, that the county now owns it, and that the plaintiff wants the property returned to him based on some unspecified wrongful conduct by the county. Finding nothing argued in either of the plaintiff's motions that procedurally supports relief here and now, the court denies the motions.

IT IS SO ORDERED that the plaintiff's motion for a court order (Dk. 14) and the motion for a rehearing (Dk. 17) are denied.

Dated this 1st day of June, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge