IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY RAY JENKINS,

        Plaintiff

   vs.                                        Case No. 15-4860-SAC

SEWARD COUNTY TREASURER,
BILL MCBRIDE *sheriff,* GREG
SWANSON, ODESSA LEWIS,
MARTIN LEWIS, SERRY LEWIS,
and STATE OF KANSAS,

        Defendants.

MEMORANDUM AND ORDER

The pro se plaintiff filed a notice of appeal on May 29, 2015, (Dk. 15), after the court dismissed this case without prejudice because the plaintiff had failed to respond to the show cause order. Judgment was entered on May 18, 2015. (Dk. 13). On the same day as his notice of appeal, the plaintiff filed motions (Dks. 14 and 17) which were treated as Rule 59 motions and denied. (Dk. 19). The plaintiff's premature notice of appeal ripened once the order was filed denying the Rule 59 motions. *See* Fed. R. App. P. 4(a)(2); *Coll v. First American Title Ins. Co.*, 642 F.3d 876, 884-85 (10th Cir. 2011).

The plaintiff continued to file motions, so the district court entered another order on June 16, 2015, explaining that it lacked jurisdiction to address these matters while the case was pending on appeal. (Dk. 29).

The plaintiff's motions included the following:  Motion for Order to Dismiss Case, (Dk. 20); Motion for Rehearing-Farm (Dk. 22); Motion for Rehearing-Residence (Dk. 23), Motion for Rehearing-Michael Shelton (Dk. 24), Motion for Rehearing-Antah (Dk. 25), Motion for Rehearing-Robert Jenkins (Dk. 26), Motion for Rehearing-Wayne Lewis (Dk. 27) and Motion for Order (Dk. 28). The court also commented in that order:

> All of these motions are nothing more than premature summary demands for the court to grant him immediate affirmative relief. Several motions summarily demand that the court order the defendants to return his land and residence to him or replace it, to pay his agricultural loan, and to replace his vehicles. The other motions make random requests for court orders that would return his son to him and that would release from custody the persons of Antah S. Jenkins, Robert T. Jenkins and Wayne T. Lewis. None of these motions address the grounds and justification already given for this action's dismissal. In his latest motion, Mr. Jenkins adds that he would like the district court to exercise jurisdiction over his requests for immediate relief and to disregard his notice of appeal. (Dk. 28).

(Dk. 29, pp. 2-3). The court also explained that the plaintiff's latest motions were procedurally inappropriate and so cautioned:

> The court hopes it is plain to the plaintiff that for him now to file in this case these additional summary motions for immediate relief would be regarded by the court as frivolous and a waste of this court's staff and limited resources. It is the court's responsibility to guard against abusive practices and to prevent the unreasonable loss of judicial resources. The plaintiff is warned that if he should persist with this motion practice that the court will consider imposing appropriate filing restrictions. The plaintiff has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (per curiam) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam)) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 1037 (2014).

(Dk. 29, pp. 4-5).

On June 25, 2015, the Tenth Circuit granted the motion of Mr. Jenkins to dismiss his appeal and denied his request to transfer records to the U.S. Department of Justice. (Dk. 30). As this case is no longer pending on appeal, the above listed post-judgment motions are now pending before the district court. The court must construe these pleadings liberally due to the plaintiff's pro se status. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, if the pleadings can be reasonably read as stating a valid ground for prevailing in the particular procedural context, the court will do so and overlook the lack of cited legal authorities, the confusion of legal theories, poor writing, and unfamiliarity with pleading requirements. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The district court, however, may not become an advocate for the pro se litigant. *Id*.

To be entitled to the discretionary post-judgment relief available under Rule 60(b), a movant must satisfy one of the exceptional circumstances listed as six grounds for relief from judgment under Rule 60(b). *Van Skiver v. United States*, 952 F.3d 1241, 1243-44 (10th Cir. 1991). "A Rule 60(b) motion is not intended to be a substitute for a direct appeal." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (citation omitted).

None of the plaintiff's motions recite any of the exceptional circumstances warranting relief under Rule 60(b). Nor does a reasonable reading of the plaintiff's filings yield any grounds for Rule 60(b) relief. The

3

court dismissed this case without prejudice for the plaintiff's failure to meet the requirements for pleading an action and for failure to comply with the court's orders enforcing these requirements. The court cannot read any of the plaintiff's pleadings as arguing the court made a substantive mistake of law or fact in that order and judgment. The plaintiff's pleadings offer no reasons for revisiting its narrow ruling here. Final judgment has been entered in this case, the appeal has been dismissed, and none of the plaintiff's filings assert any proper ground for relief under Rule 60(b).

IT IS THEREFORE ORDERED that the plaintiff's Motion for Order to Dismiss Case, (Dk. 20); Motion for Rehearing-Farm (Dk. 22); Motion for Rehearing-Residence (Dk. 23), Motion for Rehearing-Michael Shelton (Dk. 24), Motion for Rehearing-Antah (Dk. 25), Motion for Rehearing-Robert Jenkins (Dk. 26), Motion for Rehearing-Wayne Lewis (Dk. 27) and Motion for Order (Dk. 28) are treated as Rule 60(b) motions and denied.

Dated this 10th day of July, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

4